UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,      CRIMINAL NO. 06-CR-20281-04

vs.

            DISTRICT JUDGE VICTORIA A. ROBERTS

JERMAINE THOMAS,    MAGISTRATE JUDGE MONA K. MAJZOUB

   Defendant.
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION:** Defendant Jermaine Thomas' Motion to Suppress Wiretap Evidence filed on September 6, 2006 (docket no. 46) should be **DENIED**.

\*\*\*

Defendant Thomas seeks by this motion to have suppressed all of the intercepted communications gained pursuant to four wiretap authorization orders for two cell phones he was using. (Docket no. 46). The first order was signed on January 9, 2006 for telephone number 313-971-7449. The second order was for an extension of the first order and was signed on February 8, 2006. The third order was signed on January 23, 2006 for telephone number 313-999-4698. Finally, the fourth order was for an extension of the third order and was signed on February 22, 2006. Defendant also seeks to have the government provide the Court with the identity of the informant known as "FBI-1," and for the Court to hold a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) regarding certain alleged false statements in the affidavits supporting these wiretap orders. The government has responded to the motion. (Docket no. 55). Plaintiff has filed a Reply. (Docket no. 57). The Court heard oral argument on November 29, 2006. Defendant Thomas was present

along with his counsel, Mr. Early. The government was represented by Assistant United States Attorney Donaldson. This matter was referred to the undersigned and is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Defendant Thomas seeks to suppress the wiretap evidence because the government allegedly failed to establish that "normal investigative procedures" had been tried or appeared unlikely to succeed, as required by 18 U.S.C. § 2518(1)(c) and because material misstatements allegedly exist in the affidavits and applications in support of the orders. (Docket no. 46 at 2).

Section 2518(1)(c) requires that the application include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." The Sixth Circuit has held that a district court's finding that the requirements of section 2518(1)(c) have been met is afforded "considerable discretion." *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002). "All that is required is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigators' belief that such non-wiretap techniques have been or will likely be inadequate." *United States v. Alfano*, 838 F.2d 158, 163-64 (6th Cir. 1988). A "reasonable statement of the consideration or use of other investigative means is adequate." *Id*. at 164.

The standard for the government to meet to establish the necessity for wiretap authorization is "not great." *See United States v. Landmesser*, 553 F.2d 17, 20 (6th Cir. 1977). The four affidavits at issue in this case for the wiretap orders are all very detailed in terms of the types of investigative techniques utilized up to that point and the explanations why unused techniques likely would not be successful. The affidavits are each about fifty pages long. The affidavits contain similar

information and the later affidavits add some information gathered up to that point. Investigators are using informants, recorded phone calls made from prisons, pen registers, search warrants and subpoenas. However, none of these are allowing the investigators to see the entire organization and particularly not the source of supply of drugs for the organization. The affidavits accordingly show that investigators gave serious consideration to other investigative methods, and the applications comply with section 2518(1)(c). *See Alfano*, 838 F.2d at 163-64. Only if substantial portions of the affidavits had to be excluded would the government's showing of necessity be affected. Therefore, the Court will examine whether any parts of the affidavits must be excluded based on Defendant's arguments.

Defendant seeks a *Franks* hearing to test the truth of certain statements in the affidavits. In order to obtain a *Franks* hearing, the defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit." *Stewart*, 306 F.3d at 304. If the allegedly false statement is necessary to the finding of probable cause, a hearing must be held. The defendant must specifically point to the disputed portions of the challenged affidavit, and must support these charges with an offer of proof. The defendant should also provide supporting affidavits or explain their absence. *Id*. at 305. If the defendant makes this showing, the court must reconsider the affidavit without the disputed portions and determine whether probable cause still exists. If probable cause does not exist, the court must hold a full evidentiary hearing to determine whether the affidavit was properly submitted. *Id*. at 304-05. In addition, the burden is on Defendant to show that the identity of the informant should be disclosed because disclosure is essential to a fair trial. *Rovario v. United States*, 353 U.S. 53, 60-61 (1957); *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).

Defendant first contends that the January 9, 2006 affidavit falsely states that the informant FBI-1 "remains incarcerated" and "is not in a position to offer current information or actively participate in this investigation." (Affidavit of Agent Malagrida, Jan. 9, 2006, at 39). Defendant contends that the informant is Christopher Davis. He states that Davis admitted to Defendant's counsel that he gave the background information about Thomas' drug trafficking organization to police that the affidavit states FBI-1 provided in 1999. Defendant attempts to show the alleged falsity of the affidavit's statement that FBI-1 was still incarcerated at the time the affidavits were made by submitting a copy of the Michigan DOC's record for Davis which shows a release date of January 15, 2004, before the affidavits were sworn to in 2006. However, even if this is the same person there is no showing that he was not incarcerated somewhere other than in Michigan. Defendant's counsel at oral argument stated that Davis had told him that he was not incarcerated at the time the affidavit was signed, however counsel did not show any support for this statement in the record. Defendant has therefore failed to make a substantial preliminary showing that this statement is false.

Defendant also contends that the government could have used FBI-1 and the other two FBI informants (2 and 3) as alternative investigative techniques. Defendant admits that Davis is "no longer available to Defendant or counsel." (Docket no. 47 at n.2). The unavailability of Davis undercuts Defendant's argument that Davis was a viable, alternative investigative technique for the government. Moreover, the affidavit states that the informants identified in the affidavit are reluctant to testify in court or before the grand jury, and that they have limited knowledge especially of the sources of supply. (Affidavit of Agent Malagrida, Jan. 9, 2006, at 38). Defendant's counsel at oral argument stated that FBI-1 had provided the sources of supply for the Thomas organization;

however the affidavit reveals only that FBI-1 made very general statements about the sources such as them being in Chicago or Miami. Information of this nature is not of any real benefit to investigators. Therefore, even if FBI-1 is Davis and was not incarcerated and could be located, he was still not an effective alternative technique that investigators could have used to gain knowledge of the supplier of the drugs and collect evidence for use at trial. The identity and incarceration status of FBI-1 is accordingly not material to the finding of necessity or probable cause. Defendant has also failed to show that FBI-1's identity must be revealed in order for him to receive a fair trial or to meaningfully test whether the government showed the required necessity for the wiretap orders. *See Moore*, 954 F.2d at 381.

Finally, even if these informants were viable, alternative investigative techniques, the government does not have to establish "proof of the absolute impossibility of all other means" of investigation. *Alfano*, 838 F.2d at 164. Defendant's contentions that the government should have included more information regarding FBI-3's alleged relationship to the Thomas family is therefore not significant.

Defendant also attacks the February 8, 2006 affidavit supporting the extension of the wiretap for phone number 313-971-7449. Defendant argues that the affidavit mistakenly describes him as a large scale drug dealer when in fact he was a small time drug dealer. He interprets several cryptic and coded phone intercepts to attempt to show his small-time status. But his interpretations are no more reasonable than the DEA agent's interpretation which points to discussions of multiple kilo cocaine deals. (*See* ¶ 48). Defendant has failed to make any substantial preliminary showing of false statements necessary to the finding of necessity or probable cause in the Feb. 8 affidavit or any other affidavit. A hearing pursuant to *Franks* is therefore not warranted. *See Stewart*, 306 F.3d at

304.

Accordingly, Defendant has failed to show that any of the statements in the affidavits must be excluded. Because the affidavits and applications are sufficient on their face, Defendant's motion to suppress, his request for the disclosure of FBI-1's identity, and his request for a *Franks* hearing should all be denied.

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 30, 2006      s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: November 30, 2006      s/ Lisa C. Bartlett
                              Courtroom Deputy